## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CASE NO.: 6:22-cv-00483

OLGA BORREGO and
FERNANDO BORREGO,

      Plaintiffs,

v.

GEOVERA SPECIALTY INSURANCE
COMPANY,

      Defendant.

_____/

## __NOTICE OF REMOVAL__

Defendant, GEOVERA SPECIALTY INSURANCE COMPANY
("GeoVera"), hereby files its Notice of Removal of that certain cause of action now
pending in the Ninth Circuit in and for Osceola County, Florida, styled *OLGA
BORREGO and FERNANDO BORREGO vs. GEOVERA SPECIALTY INSURANCE
COMPANY*, Case No.: 2022-CA-000248, stating as follows:

## BACKGROUND

1.    This litigation is based upon a civil action brought by Plaintiffs,
OLGA BORREGO and FERNANDO BORREGO ("Plaintiffs") seeking to recover
damages in excess of $30,000, plus interest, costs, and attorney's fees under a

contract for insurance issued by GeoVera to Plaintiffs. *See generally Plaintiff's Complaint attached hereto as Exhibit "A".*

2.     This action was commenced in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, and service of process was effected on GeoVera on February 14, 2022.

3.     GeoVera issued a homeowner's insurance policy bearing policy number GH80019556 to OLGA BORREGO and FERNANDO BORREGO, for real property located at 2022 Locust Berry Drive, Kissimmee, FL 34743. *See Exhibit "B" a true and correct copy of the subject policy.*

## AMOUNT IN CONTROVERSY

4.     According to the Complaint, Plaintiff is seeking payment of losses allegedly incurred to real property due to a windstorm on April 11, 2021, which Plaintiff alleges is owed under the subject insurance policy, plus attorney's fees, costs and interest. *See Exhibit "A".*

5.     The Policy contains a deductible in the amount of $3,220.00 for losses due to Windstorm and Hail. Prior to the instant litigation, GeoVera conducted an inspection of the loss and this lawsuit was filed prior to GeoVera issuing its coverage determination.

6.     With regard to amount in controversy, Plaintiff's Complaint does not plead a specific amount of damages, only that the damages exceed $30,000.00.

*See Exhibit "A"*. Therefore, the amount in controversy was not evident on the face of the Complaint.

7.     Where the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

8.     However, a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). To meet their burden, defendants may offer additional evidence to demonstrate that removal is proper. *Balkum v. Pier 1 Imports (U.S.), Inc., No.* 617CV1299ORL37DCI, 2017 WL 3911560, at *1 (M.D. Fla. Sept. 7, 2017).

9.     Plaintiff made a written settlement demand to Defendant in the amount of $35,235.99, inclusive of attorneys' fees and costs, on February 24, 2022. *See Plaintiff's correspondence attached hereto as Exhibit "C"*. Plaintiffs' demand was for new money, and was time sensitive.

10.    Based on the allegations contained in the Complaint, Plaintiff is alleging that Defendant has failed to reimburse Plaintiff for them losses related to the damage to the subject property.  Therefore, it appears that Plaintiff is alleging

that $95,235.99[1] is owed to them. GeoVera denies this allegation and disputes that any amount is owed to Plaintiff.

11.    Pre-suit demand letters are one type of additional evidence that the Court may consider in determining whether the amount in controversy requirement is satisfied. *Gillinov v. Hillstone Rest. Grp., Inc.*, 92 F. Supp. 3d 1251, 1254-55 (S.D. Fla. 2015); *Fischer v. State Farm Mut. Auto. Ins. Co.*, No. 10-14124-CIV, 2011 WL 573836, at *2 (S.D. Fla. Feb. 15, 2011) (where plaintiff did not introduce evidence that amount in controversy was $75,000 or less, court relied on $100,000 settlement demand); *Golden v. Dodge-Markham Co.*, 1 F. Supp. 2d 1360, 1364 (M.D. Fla. 1998).

12.    Additionally, Plaintiff has made a claim for attorneys' fees and costs pursuant to Florida Statutes in their Amended Complaint. *See Paragraph 33 of Exhibit "A"*. When a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy can include consideration of the amount of those fees. *See Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202, 54 S.Ct. 133, 134, 78 L.Ed. 267 (1933); *Premier Indus. Corp. v. Texas Indus. Fastener Co.*, 450 F.2d 444, 447 (5th Cir.1971). *Francis v. Allstate Ins. Co.*, 709 F. 3d 362, 368 (4th Cir. 2013). *See also, Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1353 (M.D. Fla. 2008).

---

[1] Plaintiffs global demand in the amount of $95,235.99. The appliable deductible is $3,220.00. The amount in controversy would be $92,015.99.

13.    When a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy can include consideration of the amount of those fees. *See Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202, 54 S.Ct. 133, 134, 78 L.Ed. 267 (1933); *Premier Indus. Corp. v. Texas Indus. Fastener Co.*, 450 F.2d 444, 447 (5th Cir.1971).

14.    The facts described above show that the amount in controversy for Plaintiff's claim exceeds $75,000.00.

## CITIZENSHIP OF THE PARTIES

15.    In order for Diversity jurisdiction to exist, there must be "complete diversity," that is, each defendant must be a citizen of a state different from that of each plaintiff.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 57 L.Ed.2d 274 (1978); *Palmer v. Hospital Auth. of Randolph Cty.*, 22 F.3d 1559, 1564 (11th Cir.1994).

16.    "Citizenship," or domicile," is determined by two elements: (1) physical presence within a state; and (2) the mental intent to make a home there indefinitely. *Mississippi Band of Choctaw Indians*, 490 U.S. at 48, 109 S.Ct. at 1608; *Texas v. Florida*, 306 U.S. 398, 424, 59 S.Ct. 563, 576, 83 L.Ed. 817 (1939); *Scoggins v. Pollock*, 727 F.2d 1025, 1026 (11th Cir.1984).

17.    An individual is a citizen of the state in which he or she is domiciled. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).  "A person's domicile

is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1257–58 (citation and internal quotation marks omitted).

18.     In determining domicile, a court should consider both positive evidence and presumptions. *Mitchell v. United States*, 88 U.S. (21 Wall.) 350, 352, 22 L.Ed. 584 (1874). One such presumption is that the state in which a person resides at any given time is also that person's domicile. *District of Columbia v. Murphy*, 314 U.S. 441, 455, 62 S.Ct. 303, 309–10, 86 L.Ed. 329 (1941); Stine v. Moore, 213 F.2d 446, 448 (5th Cir.1954). *See generally,* 13B Charles Ala Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3612.

19.     Facts frequently taken into account include but are not limited to: current residence; residence of family and dependents; place of employment and name of business; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in church, clubs, and business organizations; driver's license and automobile registration; and payment of taxes. *Garcia v. American Heritage Life Ins. Co.*, 773 F.Supp. 516, 520 (D.P.R.1991); 13B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 3612.

20.    GeoVera is incorporated under the laws of Delaware with its principal place of business located in California.  Therefore, GeoVera is a Citizen of Delaware and California.

21.    GeoVera is a surplus lines insurer in the State of Florida.  GeoVera is a Defendant in the above-styled cause. *See Florida Office of Insurance regulation website*

https://floir.com/CompanySearch/each_comp.aspx?IREID=102515&AUTHID=102515&FICTNAME=&CCRCNAME=&passCompanyType=SURPLUS%20LINES&passCompanyName=GEOVERA%20SPECIALTY%20INSURANCE%20COMPANY *attached here as Exhibit "D."*

22.    Based on the warranty deed, Plaintiffs own, as husband and wife, the real property located at 2022 Locust Berry Drive, Kissimmee, FL 34743. *See Plaitniffs' property deed attached hereto as Exhibit "E."* Further, Plaintiffs have claimed a homestead exemption on this property. *See copy of Osceola County Property Appraiser's property detail attached hereto as Exhibit "F".*  Therefore, Plaintiffs are citizens of Florida.

23.    Plaintiffs, at all material times, were and are domiciled in the state of Florida in that they currently reside in and intends to remain in the state of Florida, as evidenced above. Therefore, Plaintiffs are citizens of the State of Florida.

24.    At the time when this action was commenced, at the present time, and at all times material to this action, Plaintiffs are citizens of Florida, and GeoVera is a Citizen of Delaware and California.  Therefore, Complete diversity exists between the parties in accordance with 28 U.S.C. §1332.

25.    Copies of all process, pleadings and orders served upon GeoVera, and such other papers or exhibits as are required by Local Rules of Court, are filed herein, with the exception of discovery.

**WHEREFORE**, Defendant, GEOVERA SPECIALTY INSURANCE COMPANY, prays that this Honorable Court exercise jurisdiction over this matter.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on **March 7, 2022,** a true and correct copy of the foregoing was filed via CM/ECF, which will serve a copy via e-mail on the following: **David Gongora, Esq., Law Offices of David D. Gongora, P.A.**, 5401 S. Kirkman Rd., Suite 310, Orlando, Florida 32819;Prop-Ins@davidgongora.com, David@davidgonora.com, LegalAssistA@davidgongora.com, DavidGongoraEsq@gmail.com; Attorney for Plaintiffs.

*PINTARD ROBINSON, PLLC*

/s/  *Lucie Robinson*
LUCIE A. ROBINSON, ESQ.
Florida Bar No.:113088
618 E. South St., Suite 500

Orlando, FL 32801
Main: (407)554-5804
Fax: (407) 583-4101
Email: service@pintardrobinsonlaw.com
Attorneys for Defendant
GEOVERA SPECIALTY INSURANCE
COMPANY