# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

OLGA BORREGO and FERNANDO BORREGO,

        Plaintiffs,

v.                                  Case No:   6:22-cv-483-CEM-LHP

GEOVERA SPECIALTY INSURANCE COMPANY,

        Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT'S MOTION FOR SANCTIONS AGAINST PLAINTIFFS (Doc. No. 22)
>
> **FILED:** June 14, 2023
>
> ___
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED IN PART AND DENIED IN PART**.

Pursuant to the requirements of the Case Management and Scheduling Order ("CMSO") in this case, Doc. No. 13, at 2, the parties scheduled their mediation to take place via the Zoom online platform for March 7, 2023 at 2:30 p.m.  Doc. No.

18. However, when the time came for the mediation, Defendant and its counsel appeared, but only one Plaintiff – Fernando Borrego – and Mr. Borrego's counsel appeared. Doc. No. 20. Plaintiff Olga Borrego did not appear, did not provide prior notification that she would not appear, and therefore the mediation did not go forward as scheduled. *Id.* The parties have now rescheduled the mediation for August 11, 2023. Doc. No. 21.

By the present motion, Defendant seeks sanctions for Olga Borrego's failure to appear at the mediation, in the form of Defendant's share of the mediator's fee ($450.00), plus Defendant's attorney's fees and costs for appearing at the mediation, as well as for filing the present motion. Doc. No. 22. Although the Local Rule 3.01(g) certification states that Plaintiffs' counsel opposes the motion for sanctions, (*id.*, at 5), neither Plaintiff has filed a response to the motion, and the time for doing so has long expired. Therefore, the Court treats the motion as unopposed in all respects. *See* Local Rule 3.01(c). *See also Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294804, at *1 (M.D. Fla. Apr. 19, 2019) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion.").

Upon review, the Court finds Defendant's unopposed motion well taken in all but one respect. Defendant requests that sanctions be levied against *both* Plaintiffs. However, Plaintiff Fernando Borrego appeared as required for the

mediation, and there is nothing in the motion explaining why he should be sanctioned. Therefore, the Court will limit the award of sanctions solely to the offending party – Olga Borrego. And given that Olga Borrego is represented by two different attorneys – David Daniel Gongora and Eduardo Alejandro Pujol – both of whom chose to remain silent in the face of Defendant's motion for sanctions – the Court finds that there is no substantial justification for Olga Borrego's failure to appear. *See Unum Life Ins. Co. of Am. v. Pawloski*, No. 8:13-CV-2290-T-35MAP, 2014 WL 12873079, at *2 (M.D. Fla. May 13, 2014), *report and recommendation adopted*, 2014 WL 12873080 (M.D. Fla. June 12, 2014) (awarding mediator's fee and attorney's fees for attending mediation and filing motion for sanctions based on defendant's failure to appear at scheduled mediation); *Falcon Farms, Inc. v. R.D.P. Floral, Inc.*, No. 07-23077-CIV, 2008 WL 3874598, at *1-3 (S.D. Fla. Aug. 14, 2008) (awarding sanctions in form of mediation fees against represented party who did not appear at mediation but informed opposing party shortly beforehand that he would not be there); *King v. Eli Lily & Co.*, No. 3:05-cv-1235-J-33HTS, 2007 WL 1141512, at *2 (M.D. Fla. Apr. 16, 2007) (awarding sanctions in amount of mediation fees for plaintiff's failure to personally appear at mediation); *Scott v. K.W. Max Inv., Inc.*, No. 6:05-cv-683-Orl-18JGG, 2007 WL 80851, at *2 (M.D. Fla. Jan. 8, 2007) (same); *see also Sigurdsson v. DiCarlantonio*, No. 6:12-cv-920-Orl-TBS, 2013 WL 5954740, at *2 (M.D.

Fla. Nov. 7, 2013) (awarding attorney's fees for party's failure to appear at deposition without substantial justification).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Motion for Sanctions Against Plaintiffs (Doc. No. 22) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** in that sanctions are levied against Plaintiff Olgao Borrego. In all other respects the motion is **DENIED**. The amount of sanctions shall include the $450.00 mediator's fee, and an award of attorney's fees for Defendant's counsel appearing at the March 7, 2023 mediation and for the filing of the motion for sanctions.

(2) Within **seven (7) days** from the date of this Order, counsel for the parties shall meet and confer to agree upon an appropriate amount of attorney's fees to be levied as a sanction. Within **fourteen (14) days** from the date of this Order, counsel for Defendant shall either file a notice with the Court stating the agreed upon amount of fees, or by this same deadline, shall file a properly supported request for attorney's fees incurred for attending the mediation and filing the motion for sanctions.

**DONE** and **ORDERED** in Orlando, Florida on August 7, 2023.

_Leslie Hoffman Price_
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties