# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

OLGA BORREGO and FERNANDO
BORREGO,

               Plaintiffs,

v.                                        Case No:   6:22-cv-483-CEM-LHP

GEOVERA SPECIALTY INSURANCE
COMPANY,

               Defendant

---

## ORDER

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **DEFENDANT'S REQUEST FOR ENFORCING AWARD OF ATTORNEYS' FEES AND COSTS PURSUANT TO ORDER GRANTING SANCTIONS AGAINST PLAINTIFF OLGA BORREGO [DOC.#23] (Doc. No. 28)**
>
> **FILED:**     **August 21, 2023**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

    Pursuant to the requirements of the Case Management and Scheduling Order ("CMSO"), Doc. No. 13, at 2, the parties scheduled their mediation to take place via

the Zoom online platform for March 7, 2023. Doc. No. 18. However, Plaintiff Olga Borrego failed to appear at the mediation, without prior notice, and therefore the mediation did not go forward as scheduled. Doc. No. 20. Defendant thereafter filed a motion for sanctions, seeking to recover its share of the mediator's fee ($450.00) and its attorney's fees and costs for appearing at the mediation and for filing the motion for sanctions. Doc. No. 22. Neither Plaintiff responded to the motion, and accordingly, the Court deemed it unopposed. Doc. No. 23. The Court granted the motion in part, and levied sanctions against Plaintiff Olga Borrego, to include the $450.00 mediator's fee, as well as an award of attorney's fees for Defendant's counsel appearing at the March 7, 2023 mediation and for the filing of the motion for sanctions. *Id.* at 4. The Court ordered the parties to meet and confer regarding the quantification of the fee award, and if they could not reach agreement, permitted Defendant through August 21, 2023 to file a motion. *Id.*

Now before the Court is Defendant's motion seeking to quantify the sanctions award, filed on August 21, 2023. Doc. No. 28. According to the motion, the parties' conferral efforts failed, and counsel for Plaintiff Olga Borrego informed defense counsel that "Plaintiff Olga Borrego was refusing to pay any amount of the ordered sanctions, and that he would withdraw from the matter." *Id.* at 2.[1] Thus,

---

[1] Although two of Plaintiffs' attorneys have since withdrawn from this matter,

Defendant seeks an order requiring Plaintiff Olga Borrego to pay a total of $1,007.50 in sanctions, which includes the $450.00 mediator fee, and $557.50 in attorney's fees. *Id.* at 1–2, 4.   Defendant submits the affidavit of its counsel with the motion, which states that counsel expended 2.5 hours of time for attending the mediation and filing the motion for sanctions, to include 1.7 hours by associate attorney Alisha Taylor and 0.8 hours by partner Lucie Robinson, at rates of $215.00 per hour and $240.00 per hour, respectively.   Doc. No. 28-1.   Plaintiffs – who remain represented by counsel – did not respond to the motion, and their time for doing so has expired. *See* Local Rule 3.01(c).   Accordingly, the Court deems the motion to be unopposed. *See id.*

Upon review of the unopposed motion, the Court finds the hourly rates and hours expended by defense counsel reasonable, particularly in the absence of any objection by Plaintiffs.   *See Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (the court "is itself an expert on the question [of reasonable fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value" (citations omitted)).   *See also Inlet Marina*

_____

Plaintiffs remain represented by Attorney E. Alexander Pujol at this time.   *See* Doc. Nos. 33–37.

*Villas Condo. Ass'n, Inc. v. United Specialty Ins. Co.*, No. 6:17-cv-1337-Orl-40DCI, 2019 WL 2720219, at *3-4 (M.D. Fla. June 13, 2019), *report and recommendation adopted*, 2019 WL 2717196 (M.D. Fla. June 28, 2019) (awarding hourly rates of $450, $350, and $250 for attorneys litigating insurance disputes in the Orlando Division); *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) ("[A] fee opponent's failure to explain exactly which hours he views as unnecessary or duplicative is generally viewed as fatal." (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997))).   And the Court previously determined that sanctions shall include Defendant's $450.00 share of the mediator's fee.   *See* Doc. No. 23, at 4.

Accordingly, it is **ORDERED** as follows:

1.      Defendant's Request for Enforcing Award of Attorneys' Fees and Costs Pursuant to Order Granting Sanctions Against Plaintiff Olga Borrego (Doc. No. 28) is **GRANTED**, and sanctions are levied against Plaintiff Olga Borrego in the amount of **$1,007.50** for her failure to appear at mediation, as set forth herein.

2.      On or before **September 26, 2023**, Plaintiff Olga Borrego shall deliver to Defendant **$1,007.50** in compliance with this Order.

3.      **Plaintiff Olga Borrego is cautioned that failure to comply with this Order may result in further sanctions.**

- 4 -

**DONE** and **ORDERED** in Orlando, Florida on September 12, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties