# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

OLGA BORREGO and FERNANDO BORREGO,

        Plaintiffs,

v.                              Case No:   6:22-cv-483-CEM-LHP

GEOVERA SPECIALTY INSURANCE COMPANY,

        Defendant

## SUPPLEMENTAL BRIEFING ORDER

Before the Court is Defendant's Renewed Motion for Entitlement to Fees and to Tax Costs, by which Defendant seeks to establish its entitlement to an award of attorneys' fees pursuant to Fla. Stat. § 768.79 and offers of judgment served on each Plaintiff on March 1, 2023.  Doc. No. 52.  *See also* Doc. No. 52-1; Doc. No. 52-2.  Defendant also seeks an award of taxable costs pursuant to 28 U.S.C. § 1920.  Doc. No. 52.

Plaintiffs have not responded to the motion, and their time for doing so has passed; thus, the motion is subject to treatment as unopposed.  *See* Local Rule

3.01(c). However, there is one issue requiring clarification from Defendant prior to resolution of the motion. Specifically, Section 768.79 provides in relevant part:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award. Where such costs and attorney's fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the plaintiff's award. . . .

Fla. Stat. § 768.79(1); *see also* Fla. R. Civ. P. 1.442 (related state rule of civil procedure for offers of judgment/proposals for settlement). "The language of section 768.79, as well as Florida Rule of Civil Procedure 1.442, must be strictly construed because those provisions are in derogation of the common law rule that a party is responsible for its own attorney's fees, and because they are penal in nature." *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 372 (Fla. 2013) (citations omitted).

Here, the offers of judgment both state: "This Offer shall be deemed rejected unless accepted by delivery of a written notice of acceptance within fourteen (14) days after service of the Offer." Doc. No. 52-1 ¶ 11; Doc. No. 52-2 ¶ 11. This provision shortens the applicable time period under Fla. Stat. § 768.79(1) and Fla. R. Civ. P. 1.442. *See* Fla. Stat. § 768.79(1); *see also* Fla. R. Civ. P. 1.442(f)(1) ("A proposal

shall be deemed rejected unless accepted by delivery of a written notice of acceptance within 30 days after service of the proposal."). Defendant does not address this discrepancy, nor provide any legal authority establishing that shortening the time periods set forth in Fla. Stat. § 768.79(1) and Fla. R. Civ. P. 1.442 is permissible. *See* Doc. No. 52. Given that these provisions must be strictly construed, *see Horowitch*, 107 So. 3d at 372, the Court will require supplemental briefing from Defendant on this issue.

Accordingly, it is **ORDERED** that within **fourteen (14) days** of the date of this Order, Defendant shall file a supplemental brief in support of its Motion (Doc. No. 52), addressing the fourteen-day limitation set forth in the offers of judgment (Doc. Nos. 52-1, 52-2), and providing legal authority demonstrating that the offers of judgment are valid in light of this limitation, given the contrary language set forth in Fla. Stat. § 768.79(1) and Fla. R. Civ. P. 1.442.

**DONE** and **ORDERED** in Orlando, Florida on February 12, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties